IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHARLES EDWARD STEED,            :
on behalf of himself and all          :
others similarly situated              :
and                               :
AMY SUMMERS,                   :
on behalf of herself and all          :     COMPLAINT – CLASS ACTION
others similarly situated              :
                                 :     CIVIL ACTION NO._____
        Plaintiffs,                    :
v.                               :
                                 :
EQUIFAX INFORMATION            :
SERVICES, LLC                    :
                                 :
        Defendant.                    :
_____ :

## I. PRELIMINARY STATEMENTS

1.      This is a consumer class action brought for willful violations of the Fair

Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"), against Equifax

Information Services, LLC ("Equifax"), a consumer reporting agency.

2.      As a consumer reporting agency, Equifax is required by the FCRA to

reinvestigate the accuracy of "any item of information" that is disputed by a

consumer.  15 U.S.C. § 1681i(a)(1)(A).  As part of the reinvestigation, Equifax

must notify the source of the disputed information about the dispute and provide the source with all relevant information provided by the consumer with the dispute. 15 U.S.C. § 1681i(a)(2)(A).

3. Despite the requirement that Equifax reinvestigate any information that is disputed by a consumer, Equifax routinely fails to reinvestigate "inquiry" information that is disputed by a consumer. An "inquiry" is the identification of a person or business that obtained a consumer report from Equifax pertaining to the consumer, in connection with a credit or other transaction involving the consumer.

4. Like other items on a consumer report (commonly known as a "credit report"), inquiry information is sometimes inaccurate. Yet Equifax ignores its legal obligation to reinvestigate disputes of inquiries, and instead tells the consumer to contact the person who obtained the consumer's report if the consumer thinks the inquiry is inaccurate.

5. Equifax has willfully violated the requirements of the FCRA § 1681i(a)(1) and (2) by failing to reinvestigate disputed inquiries, and failing to notify the source of the inquiry about the consumer's dispute.

## II. JURISDICTION

6. This Court has jurisdiction pursuant to 15 U.S.C. § 1681p.

7. Venue lies in this district pursuant to 28 U.S.C. §1391(b).

## III. PARTIES

8.     Plaintiff Charles Edward Steed ("Steed") is a resident of Atlanta, Georgia, and is a consumer as defined by the FCRA, 15 U.S.C. § 1681a(c).

9.     Plaintiff Amy Summers ("Summers") is a resident of North Pole, Alaska, and is a consumer as defined by the FCRA, 15 U.S.C. § 1681a(c).

10.     Defendant Equifax Information Services, LLC ("Equifax") is a Limited Liability Company that regularly conducts substantial business in the State of Georgia, and which has its principal place of business in Atlanta, Georgia.

11.     Equifax is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f).

## IV. FACTUAL ALLEGATIONS OF CHARLES EDWARD STEED

12.     In July 2010, Steed reviewed his credit report and noticed that Equifax was reporting various items that did not belong to him.  On or about July 2, 2010, Steed notified Equifax that he disputed these items, including an inquiry from ClearPoint Financial (which Equifax also identifies as "CCCS of VA").  He indicated that the inquiry did not belong to him.

13.     In response to his dispute, Equifax sent Steed a letter dated July 28, 2010. The letter began: "Below are the results of your request for Equifax to reinvestigate certain elements of your Equifax credit file.  Equifax contacted each source

directly and our investigation is now completed. If you have any additional questions or concerns, please contact the source of that information directly." Exhibit B, page 1.

14.     For the results to Steed's dispute of the inquiry, Equifax stated: "We have reviewed the inquiry information for CCCS of VA. The results are: Inquiries are a factual record of file access. If you believe this was unauthorized, please contact the creditor. If you have additional questions about this item please contact: CCCS of VA, 4660 S Laburnum Ave, Richmond, VA 23231-2424." Exhibit B, page 2.

15.     Equifax's statement that it had reinvestigated Steed's dispute of the inquiry and contacted the source of that information directly was not true. Equifax had not contacted CCCS of VA. However, Steed did not know that Equifax had not reinvestigated his dispute or contacted the source when he received the results in 2010. Equifax's false statement about reinvestigating his dispute and contacting the source prevented Steed from discovering that Equifax had failed to reinvestigate his dispute of the inquiry.

16.     Equifax continued to include the inquiry from CCCS of VA in Steed's credit file.

## V. FACTUAL ALLEGATIONS OF AMY SUMMERS

17.     Amy Summers is a victim of identity theft.  Someone used her identification to open accounts for services from DirecTV and Dish Network.

18.     In March 2013, Summers reviewed her Equifax credit report and saw that Equifax was reporting two inquiries from DirecTV and one inquiry from Dish Network.  On or about March 13, 2013, Summers notified Equifax through its online dispute system that the two DirecTV inquiries were fraudulent and that the Dish Network inquiry was fraudulent.

19.     In response to her disputes, Equifax sent Summers a letter dated March 13, 2013.  For the results to her dispute of the inquiries by DirecTV, Equifax stated: "We have reviewed the inquiry information for Directv.  The results are: Inquiries are a factual record of file access.  If you believe this was unauthorized, please contact the creditor.  If you have additional questions about this item please contact: Directv, 2230 E Imperial Hwy, Mail Station LA1/N368, EL Segundo, CA 90245-3504." Exhibit A, page 1.

20.     For the results to her dispute of the inquiry by Dish Network, Equifax stated: "We have reviewed the inquiry information for Dish Network.  The results are: Inquiries are a factual record of file access.  If you believe this was unauthorized, please contact the creditor.  If you have additional questions about this item please

contact: Dish Network, 9601 S Meridian Blvd, Bldg 1 FLR 3 Cmo, Englewood, CO 80112-5905." Exhibit A, page 1.

21.    Equifax continued to report the Dish Network and DirecTV inquiries on Summers' credit file.

22.    Equifax attached a copy of Summers' credit file to the letter responding to her disputes.  The Equifax letter began: "Enclosed is a copy of your Equifax credit file.  Please review it for any unauthorized accounts or inquiries.  If unauthorized information is reporting on your Equifax credit file, you may start an investigation immediately on-line at www.investigate.equifax.com.  Using the Internet to initiate an on-line investigation request will expedite the resolution of your concerns.  You may also start an investigation by completing and returning the enclosed Research Request Form or by calling the toll free telephone number on the credit file." Exhibit A, page 1.

23.    Summers had just done exactly as Equifax advised her to do.  She had reviewed her Equifax credit file, seen the unauthorized inquiries and made an online dispute to Equifax in which she informed Equifax that the inquiries were fraudulent.  Yet Equifax had sent her results indicating it would not remove those inquiries from her credit file.  Now Equifax was advising her to go through the

entire dispute process again although doing so would not result in the deletion of the fraudulent inquiries.

## VI. CLASS ACTION ALLEGATIONS

24.    The FCRA has strict requirements that Equifax must follow in regard to information disputed by a consumer.  If a consumer notifies Equifax that the consumer disputes "the completeness or accuracy of any item of information contained in a consumer's file" Equifax must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file" within 30 days of receiving the consumer's dispute.  15 U.S.C. § 1681i(a)(1)(A).  As part of the reinvestigation, Equifax must "provide notification of the dispute to any person who provided any item of information in dispute," and the notice must "include all relevant information regarding the dispute that the agency has received from the consumer…." 15 U.S.C. § 1681i(a)(2)(A).

25.    Part of the information that Equifax includes on its consumer reports is a list of persons who obtained a consumer report on that consumer within the previous two years.  Equifax will report the name and address of the person and the date they obtained the consumer report.  Each name, address and date is known as an "inquiry."  Inquiry information is included on a credit report because it is part of a

consumer's credit history. The inquiry information identifies the persons with whom the consumer has sought credit and shows how often the consumer has sought credit.

26.    Inquiries have a negative impact on a consumer's credit score. The more inquiries, the lower the score. That is because the scoring programs view each inquiry as an application for credit by that consumer, and a consumer who makes multiple applications is considered a greater risk than a consumer who does not.

27.    Inquiry information is often inaccurate. Sometimes an inquiry will be on a consumer's credit report although the consumer did not seek credit. A common example is when a consumer is a victim of identity theft, such as Summers, and the identity thief has sought credit using the consumer's identification. Another example is when the consumer reporting agency provides the consumer's report to a creditor who requested a report on a different person (perhaps with a similar name), such as happened with Steed.

28.    Listing inquiries on a consumer's report that do not belong to that consumer misrepresents that consumer's credit history regarding the number of times, and with whom, the consumer has sought credit or services. It also unfairly lowers the consumers credit score because it was not that consumer that was seeking the credit.

29.     If a consumer disputes an inquiry, Equifax must reinvestigate to determine whether the inquiry actually pertains to that consumer and should be part of that consumer's credit history.  As part of the reinvestigation, Equifax must notify the source of the inquiry about the consumer's dispute and provide the source with all the relevant information provided by the consumer.  Alternatively, Equifax can delete the inquiry.

30.     Equifax does none of these things.  It does not reinvestigate the disputed inquiry.  It does not notify the source about the consumer's dispute.  It does not provide the source with all the relevant information about the dispute.  And it does not delete the inquiry.

31.     Contacting the source is critical in doing a reasonable reinvestigation.  That is why Congress required Equifax to contact the source.  In cases of identity theft, the source may be aware of the identity theft either through notice from the consumer who is the victim, or through the source's own identity theft detection procedures.  In situations where the wrong consumer's report was provided to the source, the source may know it got a report on a consumer who is not the person they were dealing with; or it could check its records to determine if that occurred.  Equifax can also reinvestigate such cases by comparing the identifying information for the consumer whose report was provided to see if there are differences with the

identifying information of the consumer provided by the person who requested the credit report.

32. Equifax's failure to reinvestigate the dispute, contact the source of the disputed information, or delete the disputed information violates one of the most fundamental protections afforded to consumers under the FCRA. A consumer has a right to dispute the accuracy or completeness of "any item of information contained in a consumer's file" and Equifax must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). Equifax's practice takes away this fundamental right of a consumer to dispute and have the disputed information reinvestigated. Moreover, it undermines the accuracy of the information on consumer reports. Consumers often notice inaccurate information on a consumer report that the consumer reporting agency is not aware of. Through the dispute and reinvestigation procedure mandated by the FCRA, inaccurate information is removed from credit reports. The dispute procedure is virtually the only way that a consumer can correct errors on a consumer report.

33. Equifax recognizes its obligation to reinvestigate disputed information and to contact the source as part of that reinvestigation. This is evident in the letter sent to Steed in which Equifax stated that it had conducted a reinvestigation and

contacted the source of the disputed information directly. And it is evident in the letter sent to Summers stating that she should review her credit file and make an on-line dispute to Equifax regarding any unauthorized inquiries. Nevertheless, Equifax deliberately fails to comply with these legal requirements that it acknowledges it has. In its form response, Equifax actually tells the consumer to contact the source of the inquiry if the consumer believes it is unauthorized. The FCRA requires that Equifax, not the consumer, contact the source.

34.     Equifax's failure to reinvestigate disputed inquiry information is a result of its standard policies and practices, and was taken in reckless disregard of a consumer's rights under the FCRA.

35.     Steed and Summers bring these class actions pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, based on Equifax's failure to comply with 15 U.S.C. § 1681i(a)(1) and (2). Steed and Summers bring class action claims that are identical except for the time period covered by each claim. Summers brings claims that arose within the previous two years ("two year class"), on behalf of two classes of consumers. Steed brings claims that arose more than two years ago but within five years ("five year class"), on behalf of two classes of consumers.

36.     Summers brings a class action on behalf of the following class:

> All persons residing in the United States and its
> Territories who notified Equifax of a dispute of an
> inquiry and who were sent a letter by Equifax with
> results similar in form to the results sent to Summers in
> the attached Exhibit A, from two years prior to the filing
> of this action and through the time of judgment.

37.     Summers brings a second class action on behalf of the following class:

> All persons residing in the United States and its
> Territories who notified Equifax of a dispute of an
> inquiry regarding which Equifax did not contact the
> source of the inquiry or delete the inquiry, from two
> years prior to the filing of this action and through the
> time of judgment.

38.     Steed brings a class action on behalf of the following class:

> All persons residing in the United States and its
> Territories who notified Equifax of a dispute of an
> inquiry and who were sent a letter by Equifax with
> results similar in form to the results sent to Steed in the
> attached Exhibit B, page 2, within five years of the filing
> of this action but not within two years of the filing of this
> action.

39.     Steed brings a second class action on behalf of the following class:

> All persons residing in the United States and its
> Territories who notified Equifax of a dispute of an
> inquiry regarding which Equifax did not contact the
> source of the inquiry or delete the inquiry, within five
> years of the filing of this action but not within two years
> of the filing of this action.

40.    Each of these classes is so numerous that joinder of all members is impracticable.  Although the precise number of Class members is known only to Equifax, Equifax has testified that it receives approximately 10,000 disputes a day. That amounts to millions of disputes each year.  Accordingly, Plaintiff estimates that each class has thousands of members.

41.    There are questions of law and fact common to the classes that predominate over any questions affecting only individual Class members. The principal questions are whether Equifax violated the FCRA by failing to reinvestigate and contact the source of the disputed inquiry, or delete it; and whether the violations were willful.

42.    Both the Steed and Summers' claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theory: a dispute to Equifax regarding an inquiry, which Equifax did not reinvestigate or delete as required by 15 U.S.C. § 1681i(a)(1) and (2).  Both Steed and Summers received results of their disputes from Equifax with standard form language.  Steed's claim is typical for the five year class because he made his dispute within five years but not within two years.  Summers' claim is typical for the two year class because she made her dispute within two years.

43.     Both Steed and Summers will fairly and adequately protect the interests of their respective classes.  Both Steed and Summers are committed to vigorously litigating this matter and have retained counsel experienced in handling class actions and claims under the FCRA.  Neither Steed or Summers, or their counsel have any interests that might cause them not to vigorously pursue these claims.

44.     These actions should be maintained as class actions because questions of law and fact common to Class members predominate over any questions affecting only individual Class members, and because a class action is a superior method for the fair and efficient adjudication of this controversy. Equifax's conduct described in this Complaint stems from standard policies and practices, resulting in common violations of the FCRA. Members of the Class do not have an interest in pursuing separate actions against Equifax, as the amount of each Class member's individual claim is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Equifax's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class members' claims in a single forum.

45.     These actions should be maintained as class actions because the prosecution

of separate actions by individual members of the Class would create a risk of

inconsistent or varying adjudications with respect to individual members which

would establish incompatible standards of conduct for the party opposing the

Class, as well as a risk of adjudications with respect to individual members which

would as a practical matter be dispositive of the interests of other members not

parties to the adjudications or substantially impair or impede their ability to protect

their interests.

## VII. <u>FIRST CLAIM FOR RELIEF</u>

(for Amy Summers)

46.     Summers realleges and incorporates the foregoing paragraphs.

47.     Equifax received notice from Summers that she disputed the accuracy of

inquiries on her Equifax credit report.

48.     Equifax willfully failed to comply with the requirements of the FCRA, 15

U.S.C. § 1681i(a)(1) and (2) by failing to (a) reinvestigate the disputed inquiry,

notify the source of the inquiry about the dispute, and provide the source with all

relevant information Summers provided to Equifax; or (b) delete the inquiry.

49.     Summers brings this claim on behalf of the following class:

> All persons residing in the United States and its
> Territories who notified Equifax of a dispute of an

> inquiry and who were sent a letter by Equifax with
> results similar in form to the results sent to Summers in
> the attached Exhibit A, from two years prior to the filing
> of this action and through the time of judgment.

50.     Pursuant to 15 U.S.C. § 1681n, Equifax is liable to Summers and all Class

members for its failure to comply with FCRA, § 1681i(a)(1) and (2), in an amount

equal to the sum of (1) damages of not less that $100 and not more than $1,000 per

violation, (2) punitive damages in an amount to be determined by the jury, (3)

attorney fees, and (4) costs.

## VIII. <u>SECOND CLAIM FOR RELIEF</u>

### (for Amy Summers)

51.     Summers realleges and incorporates the foregoing paragraphs.

52.     Equifax received notice from Summers that she disputed the accuracy of

inquiries on her Equifax credit report.

53.     Equifax willfully failed to comply with the requirements of the FCRA, 15

U.S.C. § 1681i(a)(1) and (2) by failing to (a) reinvestigate the disputed inquiry,

notify the source of the inquiry about the dispute, and provide the source with all

relevant information Summers provided to Equifax; or (b) delete the inquiry.

54.     Summers brings this claim on behalf of the following class:

> All persons residing in the United States and its
> Territories who notified Equifax of a dispute of an
> inquiry regarding which Equifax did not contact the

source of the inquiry or delete the inquiry, from two years prior to the filing of this action and through the time of judgment.

55.     Pursuant to 15 U.S.C. § 1681n, Equifax is liable to Summers and all Class members for its failure to comply with FCRA, § 1681i(a)(1) and (2), in an amount equal to the sum of (1) damages of not less that $100 and not more than $1,000 per violation, (2) punitive damages in an amount to be determined by the jury, (3) attorney fees, and (4) costs.

## IX. <u>THIRD CLAIM FOR RELIEF</u>

### (for Charles Edward Steed)

56.     Steed realleges and incorporates the foregoing paragraphs.

57.     Equifax received notice from Steed that he disputed the accuracy of an inquiry on his Equifax credit report.

58.     Equifax willfully failed to comply with the requirements of the FCRA, 15 U.S.C. § 1681i(a)(1) and (2) by failing to (a) reinvestigate the disputed inquiry, notify the source of the inquiry about the dispute, and provide the source with all relevant information Steed provided to Equifax; or (b) delete the inquiry.

59.     Steed brings this claim on behalf of the following class:

All persons residing in the United States and its Territories who notified Equifax of a dispute of an inquiry and who were sent a letter by Equifax with results similar in form to the results sent to Steed in the

attached Exhibit B, page 2, within five years of the filing of this action but not within two years of the filing of this action.

60. Pursuant to 15 U.S.C. § 1681n, Equifax is liable to Steed and all Class members for its failure to comply with FCRA, § 1681i(a)(1) and (2), in an amount equal to the sum of (1) damages of not less that $100 and not more than $1,000 per violation, (2) punitive damages in an amount to be determined by the jury, (3) attorney fees, and (4) costs.

## X. FOURTH CLAIM FOR RELIEF

(for Charles Edward Steed)

61. Steed realleges and incorporates the foregoing paragraphs.

62. Equifax received notice from Steed that he disputed the accuracy of an inquiry on his Equifax credit report.

63. Equifax willfully failed to comply with the requirements of the FCRA, 15 U.S.C. § 1681i(a)(1) and (2) by failing to (a) reinvestigate the disputed inquiry, notify the source of the inquiry about the dispute, and provide the source with all relevant information Steed provided to Equifax; or (b) delete the inquiry.

64. Steed brings this claim on behalf of the following class:

All persons residing in the United States and its Territories who notified Equifax of a dispute of an inquiry regarding which Equifax did not contact the source of the inquiry or delete the inquiry, within five

18

years of the filing of this action but not within two years
of the filing of this action.

65.     Pursuant to 15 U.S.C. § 1681n, Equifax is liable to Steed and all Class

members for its failure to comply with FCRA, § 1681i(a)(1) and (2), in an amount

equal to the sum of (1) damages of not less that $100 and not more than $1,000 per

violation, (2) punitive damages in an amount to be determined by the jury, (3)

attorney fees, and (4) costs.

## XI. JURY TRIAL DEMAND

66.     Plaintiffs demand a jury trial on all claims.

## XII. PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for judgment against Equifax as follows:

On the First Claim for Relief:

a.      An order certifying the proposed Class under Rule 23 of the Federal

Rules of Civil Procedure and appointing Summers and her counsel to represent the

Class;

b.      An order declaring that Equifax's actions are in violation of the

FCRA;

c.      Statutory damages in the amount of not less than $100 and not more

than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a)(1);

d.     Punitive damages to be determined by the jury, pursuant to 15 U.S.C. § 1681n(a)(2);

e.     Attorney fees and costs, pursuant to 15 U.S.C. § 1681n(a)(3); and

f.     Such other relief as may be just and proper.

On the Second Claim for Relief:

a.     An order certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Summers and her counsel to represent the Class;

b.     An order declaring that Equifax's actions are in violation of the FCRA;

c.     Statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a)(1);

d.     Punitive damages to be determined by the jury, pursuant to 15 U.S.C. § 1681n(a)(2);

e.     Attorney fees and costs, pursuant to 15 U.S.C. § 1681n(a)(3); and

f.     Such other relief as may be just and proper.

On the Third Claim for Relief:

a.      An order certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Steed and his counsel to represent the Class;

b.      An order declaring that Equifax's actions are in violation of the FCRA;

c.      Statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a)(1);

d.      Punitive damages to be determined by the jury, pursuant to 15 U.S.C. § 1681n(a)(2);

e.      Attorney fees and costs, pursuant to 15 U.S.C. § 1681n(a)(3); and

f.      Such other relief as may be just and proper.

On the Fourth Claim for Relief:

a.      An order certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Steed and his counsel to represent the Class;

b.      An order declaring that Equifax's actions are in violation of the FCRA;

c.      Statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a)(1);

d.   Punitive damages to be determined by the jury, pursuant to 15 U.S.C.

§ 1681n(a)(2);

e.   Attorney fees and costs, pursuant to 15 U.S.C. § 1681n(a)(3); and

f.   Such other relief as may be just and proper.

DATED this 14th day of February 2014.

Respectfully submitted,

**SKAAR & FEAGLE, LLP**

by:   s/ James M. Feagle
James M. Feagle
Georgia Bar No. 256916
jimfeagle@aol.com
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax

Kris Skaar
Georgia Bar No. 649610
krisskaar@aol.com
Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
P.O. Box 1478
331 Washington Ave.
Marietta, GA 30061-1478
770 / 427-5600

Attorneys for Plaintiffs