IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHARLES EDWARD STEED, *on behalf of himself and all others similarly situated*, and AMY SUMMERS, *on behalf of herself and all others similarly situated*, | |
| Plaintiffs, | CIVIL ACTION FILE NO. |
| v. | 1:14-CV-00437-SCJ-CMS |
| EQUIFAX INFORMATION SERVICES, LLC, | |
| Defendant. | |

## **ORDER**

This matter is before the Court on Plaintiffs' Motion for Leave to File Amended Class Action Complaint or, in the Alternative, to Join Additional Class Representatives [Doc. 38]. Defendant Equifax Information Services, LLC ("Equifax" or "Defendant") opposes Plaintiffs' motion. [Doc. 39]. Defendant argues that Plaintiffs have not shown and cannot show the requisite "good cause" for their eleventh-hour proposed addition to this case of two new plaintiffs, Craig DeMoss and Kerry Morris. For the reasons stated below and in Defendant's response brief, the Court agrees.

## BACKGROUND

Plaintiffs filed their initial class action complaint on February 14, 2014, alleging that Defendant Equifax's handling of their disputes of inquiries on their credit files did not comply with the Fair Credit Reporting Act ("FCRA"). [Doc. 1, Compl., ¶¶ 29-34]. Plaintiffs' complaint asserts that the Plaintiffs' claims are typical of the claims of the class(es) they purport to represent, "which [claims] all arise from the same operative facts and are based on the same legal theory: a dispute to Equifax regarding an inquiry, which Equifax did not reinvestigate or delete as required by 15 U.S.C. § 1681i(a)(1) and (2)." [Compl. ¶ 42].

On July 10, 2014, the parties filed their Joint Preliminary Report and Discovery Plan ("PRDP"). [Doc. 16]. The PRDP provided a deadline of September 15, 2014 to amend the pleadings, and a deadline of December 15, 2014 to complete fact discovery relating to class certification issues. [Id. at 10, 12].

On July 14, 2014, the U.S. Magistrate Judge then assigned to this case, E. Clayton Scofield, III ("MJ Scofield"), issued a scheduling order, adopting without change the parties' proposed deadline to amend the pleadings. [Doc. 17, Scheduling Order, at 1]. The parties then proceeded to engage in extensive written discovery and depositions.

During the course of discovery, the Court granted three motions to modify the Scheduling Order and extend the time to complete fact discovery.  On December 16, 2014, the Court granted the parties' joint motion for an extension of time and extended the deadline to complete factual discovery to April 17, 2015 (and similarly extended the other pretrial deadlines, including the completion of expert discovery and filing of dispositive motions).  [Doc. 27].  On March 9, 2015, at the parties' request, MJ Scofield extended the fact discovery deadline to June 17, 2015 [Doc. 29].  MJ Scofield's March 2015 order expressly warned that "[n]o further extensions of discovery will be granted absent a showing of exceptional good cause."  [Id. at 2].

Despite MJ Scofield's warning, on June 10, 2015, Plaintiffs filed a third consent motion to extend by another sixty days the discovery deadlines for the completion of factual and expert discovery, and the filing of dispositive and class certification motions.  [Doc. 36].  Later that same day, MJ Scofield issued an order finding that the parties had not shown exceptional good cause for a third extension, but nevertheless granting the motion, with the proviso that, "No further extension will be granted." [Doc. 37 at 1].  The order extended the deadline for completion of fact discovery to and through August 17, 2015.  The deadline for completion of expert discovery was extended to and through October 16, 2015, and the deadline for filing dispositive

AO 72A
(Rev.8/82)

motions was extended to November 16, 2015.  At no time during the thrice-extended discovery period did Plaintiffs seek to extend the deadline to amend their pleadings or add parties.

On June 30, 2015, MJ Scofield retired, and on July 1, 2015, this case was reassigned and referred to the undersigned U.S. Magistrate Judge, Catherine M. Salinas.

On August 14, 2015, nearly a year after the deadline set out in the Scheduling Order to amend the pleadings, and a mere three days before the close of the thrice-extended fact discovery period, Plaintiffs filed the instant motion for leave to file their proposed amended class action complaint to add two new named plaintiffs to the lawsuit.  As Defendant points out, the proposed amended complaint does not assert class claims any different from the claims being asserted by the existing Plaintiffs, nor do the proposed additional plaintiffs seek to represent a putative class or classes that differ from the classes that the present Plaintiffs seek to represent.

## **DISCUSSION**

Under Rule 16 of the Federal Rules of Civil Procedure, once the parties have submitted their PRDP, the district court is required to issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file

4

motions." Fed. R. Civ. P. 16(b)(3)(A).  The scheduling order controls "the course of the action," Fed. R. Civ. P. 16(d), and may be modified only "for good cause and with the judge's consent," Fed. R. Civ. P. 16(b)(4).  Where, like here, a motion to amend is filed after a scheduling order deadline has passed, Rule 16 is the proper guide for determining whether a party's delay may be excused.  Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. P. 16 advisory committee's note; Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).  The good cause standard precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension."  Sosa, 133 F.3d at 1418.  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. ...  If that party was not diligent, the inquiry should end."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (internal citation omitted).  A district court's decision to enforce its pre-trial order will not be disturbed on appeal absent an abuse of discretion.  Sosa, 133 F.3d at 1418.

Here, Plaintiffs have failed to show that they were diligent in seeking to add two new plaintiffs to this lawsuit.  Plaintiffs' motion to amend was filed eleven months

after the cut-off date for amendment (September 15, 2014) had expired.  Plaintiffs assert that the proposed additional plaintiffs first expressed an interest in representing a class of consumers affected by Equifax's actions in May 2014, which was well before the amendment deadline.  [Doc. 38-1 at 5, 9].  However, Plaintiffs have provided no explanation -- reasonable or otherwise -- for why they waited over a year, until August of 2015, the very eve of the close of the extended discovery period, to file their motion to amend.  Plaintiffs have not even attempted to show good cause.

Nor have Plaintiffs shown that the proposed additional plaintiffs seek to represent a class not already represented by the original Plaintiffs.  Rather, Plaintiffs assert that the proposed additional plaintiffs "have claims against Equifax based upon the same basic facts and legal theories as Plaintiffs Steed and Summers," and that their claims are "nearly identical" to those of the original Plaintiffs.  [Doc. 38-1 at 2, 4].  The discovery period for fact discovery ended on August 17, 2015, and MJ Scofield clearly ordered that no additional extensions would be granted.  Adding two new plaintiffs at this late date would necessitate re-opening discovery and extending (again) the deadlines for the filing of dispositive and class certification motions.  Plaintiffs have provided no basis upon which the Court can find that good cause exists to modify

the deadlines set by this Court and the federal and local rules.  Plaintiffs have therefore failed to establish "good cause" for modifying the pretrial Scheduling Order.

Plaintiffs have also failed to show that joinder is warranted or appropriate pursuant to Rule 20(a)(1) of the Federal Rules of Civil Procedure.  Rule 20 permits permissive joinder of plaintiffs if two prerequisites are satisfied.  "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."  Fed. R. Civ. P. 20(a)(1)(A) & (B).  Plaintiffs have not sufficiently shown or established that the first requirement is satisfied.  Nor have they persuaded the Court that adding two new plaintiffs at this late juncture would "expedite the resolution of disputes," since necessarily the discovery period would have to be re-opened, delaying (yet again) the ultimate resolution of the current dispute.  See Sussman v. Salem Saxon and Nielsen, P.A., 153 F.R.D. 689, 693 (M.D. Fla. 1994) ("[C]ourts and litigants cannot be repeatedly called upon to backtrack through the paths of litigation which are often laced with close questions. There is a badge of dependability necessary to advance the case to the next stage.").

## CONCLUSION

For the reasons stated, Plaintiffs' Motion for Leave to file Amended Class Action Complaint or, in the Alternative, to Join Craig DeMoss and Kerry Morris as Plaintiffs and Additional Class Representatives [Doc. 38] is **DENIED**.

**IT IS SO ORDERED**, this 26th day of October, 2015.

_____

**CATHERINE M. SALINAS**
**UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/82)